UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Wilcox, <br> *a/k/a Vernon Michael Wilcox,* <br><br> Plaintiff, <br><br> vs. <br><br> South Carolina Department of Corr.; Nurse Brooks; Cynthia Connell; S. Page; D. Copeland; Captain Siebles; Major Washington; Sharonda Sutton; Robert M. Stevenson, III; Broad River Medical, <br><br> Defendants. | C/A: 9:14-3747-RMG-BM <br><br> **REPORT AND RECOMMENDATION** <br> (partial summary dismissal) |

The Plaintiff, Vernon Wilcox, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. At the time of the incidents alleged in the Complaint, Plaintiff was an inmate at the Broad River Correctional Institution ("BRCI"), part of the South Carolina Department of Corrections ("SCDC") system. He has now been transferred to the MacDougall Correctional Institution (MCI). Plaintiff alleges that his constitutional rights were violated at the BRCI because he was forced to receive unwanted medical treatment.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se

complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth hereinbelow the named Defendant "Broad River Medical" is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

It is unclear whether the Defendant "Broad River Medical" is a building or a group of people. However, courts have routinely held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law, and are not a "person" subject to suit under § 1983. See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)[California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983]; Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) [Finding that a detention center, as a building and not a person, was not amenable to suit under § 1983]; Preval v. Reno, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."]; Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."]. Similarly, if the entity "Broad River Medical" is a group

2

of people at BRCI, it is again not a "person" subject to suit. See <u>Harden v. Green</u>, 27 F. App'x 173, 178 (4th Cir. 2001) [finding that the medical department of a prison is not a person pursuant to § 1983]; <u>Nelson</u>, 2011 WL 2066551, at *1[finding that Food Service Supervisors was a group of people not subject to suit]. Therefore, under either scenario, Broad River Medical is entitled to dismissal as a Party Defendant in this case.

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss the Defendant Broad River Medical as a party Defendant, without prejudice and without issuance and service of process. In a separate serve order being entered this date, the Clerk is being authorized to issue summonses for the remaining Defendants.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 18, 2014
Charleston, South Carolina



3

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



4