IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Wilcox, | ) CIVIL ACTION NO. 9:14-3747-RMG-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections, | ) |
| Nurse Brooks, Cynthia Connell, S. Page, | ) |
| D. Copeland, Captain Siebles, Major | ) |
| Washington, Sharonda Sutton, and | ) |
| Robert M. Stevenson, III, | ) |
| | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983.

Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations

of his constitutional rights by the named Defendants.[1]

All of the named Defendants with the exception of the Defendant Connell filed a

motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on August 25, 2015.  As the

Plaintiff  is proceeding pro se, a Roseboro order was entered by the Court on August 26, 2015,

advising Plaintiff of the importance of a dispositive motion and of the need for him to file an

---

[1]While Plaintiff states in a brief introductory paragraph that he also "seeks an injunction and damages pursuant to the Americans with Disabilities Act and the Rehabilitation Act", Plaintiff does not allege anywhere in the text of his Complaint any violations of either of those Acts, he does not allege that he exhausted his administrative remedies under either of those Acts, he does not seek any relief under either of those Acts in the "claims for relief" section of his Complaint, nor does he seek any relief under either one of these Acts in the "relief requested" section of his Complaint.  See generally, Plaintiff's Verified Complaint, ¶¶ 1, 16-19, 50-62, (A)-(S).  Therefore, these statutes have not been analyzed or discussed in this opinion.

– 1 –



adequate response.  Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted.  Thereafter, on September 1, 2015, Connell also filed a motion for summary judgment, and a second <u>Roseboro</u> order was entered on September 2, 2015.

Plaintiff filed a memorandum in opposition to summary judgment on October 7, 2015, to which the Defendant Connell filed a reply memorandum on October 19, 2015.

These motions are now before the Court for disposition.[2]

### Background and Evidence

Plaintiff alleges in his verified Complaint[3] that on July 26, 2012 he was housed at the Broad River Correctional Institution, part of the South Carolina Department of Corrections.  Plaintiff alleges that because of his HIV status, he was housed in the Wateree Dorm, which was one of the two dorms used to house HIV positive inmates at that time.  Plaintiff alleges that subsequently, in February 2013, he was relocated to the Monticello Dorm.

Plaintiff alleges that on January 3, 2014 the inmates in the Monticello Dorm, including the Plaintiff, were placed on lock down due to a number of the inmates being found to be infected with a sexually transmitted infection (STI).  Plaintiff alleges that the Defendant Copeland (a lieutenant with the SCDC) announced on January 13, 2014 that every inmate in the dorm would have to be treated for this STI, and that any inmate who refused to be treated for this STI would have to be placed in quarantine.  Plaintiff alleges that he was then "forced" to be treated for this STI, with

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.  The Defendants have filed motions for summary judgment.  As these motions are dispositive, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by <u>pro se</u> prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the factual allegations contained therein are based on personal knowledge.  <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991).



the Defendant Brooks (a nurse) "forcefully use[ing] a hypodermic needle to inject medication into Plaintiff's body against his will". Plaintiff further complains that the Defendant Connell administered four "pills" to the Plaintiff against his will. Plaintiff alleges that he has never engaged in sexual behavior during his incarceration, and that he had not been named by any of the inmates who were positive for this STI as being sexually active with them. Plaintiff also alleges that he was not tested to see if he was positive for this STI, and that the Defendants had no valid reason to "forcefully medicate" him against his will. Plaintiff alleges that the Defendants Page, Copeland, Siebles, Washington, Sutton, and Stevenson all witnessed this conduct and did not intervene.

Plaintiff alleges that on January 14, 2014 he sent a Request to Staff to the Defendant Major Washington asking what right the SCDC had to force medical treatment on inmates, and that a "Nurse Smith" thereafter responded that "the decision to treat all inmates housed or placed in your dorm came from the administrative body of Health Services for SCDC, who have the authority to do as a preventive measure". Plaintiff alleges that he then sent another Request to Staff form to the Defendant Stevenson, Warden of the Institution, on January 16, 2014, asking the same question, as well as a another Request to Staff directly to Nurse Smith on January 22, 2014. Nurse Smith responded to these Request to Staff forms on March 5, 2014, as follows: "[T]he instruction to administer these treatment came from headquarters as a preventative measure which they have the authority to do so".

Plaintiff alleges that Defendant's conduct violated his constitutional rights and seeks both monetary damages as well as injunctive and/or declaratory relief. See generally, Plaintiff's Verified Complaint.

The Defendants assert in their motion for summary judgment (Court Docket No. 50), inter alia, that this case is subject to dismissal for failure of the Plaintiff to exhaust his administrative



remedies prior to filing this lawsuit.  In support of this argument [4], the Defendants have submitted a copy of SCDC Policy GA-01-12 [Inmate Grievance Procedures], which sets forth the procedure an inmate must follow to file and exhaust their administrative remedies.  See Defendants' Exhibit I.  This Policy requires that the inmate first make an effort to informally resolve the grievance by submitting a Request to Staff Member form to the appropriate supervisor/staff member.  If an informal resolution is not achieved, then the inmate must fill out and submit a Step 1 grievance form.[5]  The Warden will thereafter issue a response to the inmate's Step 1 grievance, and if the inmate is not satisfied with the Warden's response, the inmate may then appeal the Warden's decision by filing a Step 2 grievance form, appealing the matter to the Institutional Grievance Coordinator (IGC).  When a response is received to the Step 2 grievance form, the inmate will have completed the inmate grievance process (at least for purposes of the type of claim asserted here).[6]

---

[4]All of the Defendants also assert that they are entitled to summary judgment on the merits of Plaintiff's claim.  However, since the undersigned concludes that the Defendants are entitled to dismissal based on failure to exhaust, the undersigned has only discussed hereinabove such facts and evidence as are necessary to resolve this case on this ground.

[5]The aforementioned Request to Staff Member form wherein the inmate attempted to informally resolve the grievance must be attached to the Step I grievance form, and if this procedure is not followed, the Step I grievance form is returned to the inmate unprocessed.

[6]In order to complete the grievance process for certain types of claims (not at issue here), the inmate is required to further appeal the grievance to the South Carolina Administrative Law Court.  See SCDC Inmate Grievance System Procedures Issued 1-1-2006, Numbers 13.7-13.9 (requiring the inmate to appeal the result of a disciplinary hearing to the South Carolina Administrative Law Court); Furtick v. South Carolina Dep't of Corr., 649 S.E.2d 35 (S.C. 2007); see also Dicks v. South Carolina Dep't of Corr., No. 9:06-cv-663-HFF-GCK, 2006 WL 1207851 at *3 (D.S.C. 2006). Cf. Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 490-91 (1973).  Conditions of confinement claims (such as we have here) do not require any appeal past the Step 2 appeal.  See Johnson v. Ozmint, 567 F.Supp. 2d 806, 820, n.5 (D.S.C. 2008); Brown v. Doe, No. 12-927, 2015 WL 1297917 at * * 1, 6-8 (D.S.C. Mar. 23, 2015) [holding that 42 U.S.C. § 1997e(a) does not require further appeal to Administrative Law Court];  Gunnells v. Goodman, No. 14-1978, 2015 WL 4257199 at **1, 6-7 (D.S.C. July 14, 2015)[same]; Ford v. Ozmint, No. 13-1618, 2014 WL 2881621 at * 2 (D.S.C. June (continued...)



See Defendants' Exhibit I.

The Defendants have also submitted exhibits showing that Plaintiff filed three Step 1 grievance forms relating to the claim he asserts in this law suit. Plaintiff's first Step 1 grievance form was filed on January 14, 2014; however, this form was sent back to him for refiling because he failed to attach the required Request to Staff form. See Defendants' Exhibit J. Plaintiff thereafter refiled his Step 1 grievance form on March 13, 2014, which was again returned to the Plaintiff for the same reason. See Defendants' Exhibit K. Plaintiff then resubmitted his Step 1 grievance form on March 18, 2014. This grievance was accepted, and the Warden responded to Plaintiff's Step 1 grievance on March 26, 2014, as follows:

> As Medical has informed you, the decision to administer treatment to Montecello dorm on 1/13/14 was a preventative measure, the decision of which came from headquarters. SCDC policy can be obtained in the law library. It is suggested that you contact the office of General Counsel with any further questions or concerns.
>
> Therefore, I consider this matter resolved. If not satisfied with my response, see Step 5 below.[7]

The Step 1 grievance form contains two boxes, one of which is for the inmate to indicate that they accept the Warden's decision and consider the matter closed, with the second box being where the inmate would indicate that the inmate does not accept the Warden's decision and that the inmate wishes to appeal. Defendant's exhibit shows that on March 28, 2014, Plaintiff

---

[6](...continued)
25, 2014); Ayre v. Currie, No. 05-3410, 2007 WL 3232177 at * 7 n.5 (D.S.C. Oct. 31, 2007); Lowry v. Davis, No. 06-509, 2006 WL 3759828 at * 2 (D.S.C. Dec. 18, 2006)["It is not necessary for the inmate to file an appeal with the state ALJ Division for matters pertaining to prisoner's conditions of confinement."].

[7]Step 5 on the grievance form states: "If you are not satisfied with the Warden's decision, you may appeal to the appropriate responsible official within five (5) days of your receipt of the Warden's decision, via the Institutional Grievance Coordinator".



checked the box that he accepted the Warden's decision and considered the matter closed, and affixed his signature to the form. See Defendants' Exhibit L.

As attached Exhibit A to his response in opposition to the Defendants' motion for summary judgment, Plaintiff has attached a copy of his Step 1 grievance of March 18, 2014. However, Plaintiff's exhibit, which Plaintiff describes as actually being a "copy of this Exhibit. SCDOC will not make copies unless directed to do so by the court", does not contain his signature accepting or rejecting the decision. See Plaintiff's Brief, p. 5, and attached Exhibit A.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendants are entitled to summary



judgment in this case.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claim in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). To meet this burden, the Defendants have submitted a copy of the SCDC Grievance Procedure outlining what steps an inmate must take to exhaust their administrative remedies, as well as copies of Plaintiff's Step 1 grievance forms, the last of which indicates on the face of the document that Plaintiff was accepting the Warden's decision. There is no evidence that Plaintiff ever filed a Step 2 grievance appeal of the decision on his Step 1 grievance. See generally, Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006)[Remedies not exhausted where inmate did not appeal



denial]; cf. Sullivan v. Coleman, No. 06-1588, 2006 WL 3759757, * 6 (D.S.C. Dec. 18, 2006)[Finding that inmate abandoned grievance where he failed to properly complete and return Step 2 Inmate Grievance Form].

It is also noted that in Plaintiff's Verified Complaint, Plaintiff identifies his March 18, 2014 grievance (BRCI-251-14) as being the grievance he filed in this matter, while in the section of the Complaint form where he is asked if he had received a final agency/departmental/institutional answer or determination concerning his grievance, Plaintiff checked the "yes" box and further stated that he had received the final agency/departmental/institutional answer or determination on March 28, 2014. See Plaintiff's Verified Complaint, Section II, ¶¶ C-E. However, as is clearly reflected in Defendants' Exhibit L, March 28, 2014 is the date Plaintiff *accepted* the final decision of the Warden on his *Step 1* grievance.[8] Even if the Court were to assume that Plaintiff did *not* accept the Warden's decision, as Plaintiff claims, the decision on Plaintiff's Step 1 grievance does not in any event constitute a final answer to Plaintiff's grievance. Rather, as previously noted, Plaintiff would have needed to file and complete a Step 2 grievance appeal of the Warden's decision in order to have exhausted his administrative remedies. Sullivan, 2006 WL 3759757, * 6 [Finding that inmate abandoned grievance where he failed to properly complete and return Step 2 Inmate Grievance Form]; Williams v. Reynolds, No. 12-138, 2013 WL 4522574 at * 4 (D.S.C. Aug. 27, 2013) [Noting that "even if Plaintiff did file a Step 1 grievance there is no evidence that Plaintiff filed a Step 2 grievance or otherwise appealed the decision not to process the Step 1 grievance."]. As noted, there is no evidence that Plaintiff ever filed a Step 2 grievance appeal.

---

[8]That is also the date of the Inmate Grievance Coordinator's signature on Plaintiff's copy of this Step 1 grievance provided as Exhibit A to his response in opposition.



It is also noted that in the narrative of his Complaint, Plaintiff alleges that the "accepted grievance was dated 3 March 2014" [even though he had earlier in his Complaint identified his March 18, 2014 grievance as being the grievance at issue]. Plaintiff then goes on to allege that he "stated that he did not accept the action taken in which to appeal, and submitted Step 2 of the grievance process within the proper time allowed". Plaintiff alleges that he later asked Tomika Montgomery of the IGC on August 14, 2014 what the status of his grievance was, and was told that he [Plaintiff] had accepted the Warden's decision on March 28, 2014, but that [Plaintiff alleges] Montgomery's records in this regard were "erroneous". See Verified Complaint, ¶ ¶ 16-19. However, none of the three grievances submitted as evidence in this case are dated March 3, 2014, Plaintiff has not submitted a copy of any Step 2 grievance appeal that he purportedly filed, nor has he presented any other evidence to support his conclusory and unsubstantiated statement that he submitted a Step 2 grievance appeal. See Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge Defendants' evidence that he did not properly pursue his administrative remedies].

Plaintiff's factually confusing and unsubstantiated claim that he submitted a Step 2 grievance, which he himself contradicts earlier in his Complaint, is not "evidence" to allow the continuation of this lawsuit, particularly when considered in conjunction with the substantial evidence showing that he did not, for if it was, then any prison inmate could defeat a Defendant's argument that the inmate did not complete their grievance process (even when supported by documentary evidence) simply by saying "yes I did". That is not the standard for avoiding summary judgment on this issue. Cf. Poe v. Bryant, No. 12-3142, 2013 WL 6158023, at * 2 (D.S.C. Nov. 21,



2013)[Holding that defendants satisfied their burden of showing a failure to exhaust administrative remedies with exhibits detailing the grievance process and showing that Plaintiff failed to exhaust this remedy, and that Plaintiff's contradictory statements in response, including that the Defendant would not provide him a grievance, were not sufficient to avoid summary judgment in light of the contrary evidence]; see also Nat'l Enters., Inc. v. Barnes, 201 F.3d 331, 335 (4th Cir. 2000)[Holding that a self-serving affidavit was insufficient to survive summary judgment]; King v. Flinn & Dreffein Eng'g Co., No. 09-410, 2012 WL 3133677, at * 10 (W.D.Va. July 30, 2012)[Finding no genuine issue of material fact where only evidence was "uncorroborated and self-serving testimony"], citing Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

   In sum, the evidence before the Court clearly shows that Plaintiff failed to exhaust the administrative remedies that were available to him at the prison with respect to his claim prior to filing this lawsuit.  Therefore, the Defendants are entitled to summary judgment in this case.  Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies]; Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 4 (D.S.C. Sept. 4, 2012)  ["A court may not consider, and must dismiss, unexhausted claims"].



### **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motions for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 27, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

